UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WENDELL MANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-17-JVB-SLC |
| | ) |
| CITY OF ELKHART, OFFICER SCOTT HAIGH, AND CORPORAL ANDY RUCKER, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Defendants City of Elkhart, Officer Scott Haigh, and Corporal Andy Rucker move for summary judgment against Plaintiff Wendell Manuel on his Fourth Amendment excessive force and Indiana battery complaint. For the reasons below, this Court denies Defendants' motion.

**A.     Overview of the Case**

Plaintiff suffers from a disability in which his right arm is visibly shorter than his left arm. (DE 33-1.) This inhibits Plaintiff's ability to bend or stretch his right arm. (DE 32-1 at 16.) A few weeks prior to the events at issue, Plaintiff suffered a fractured arm when a police officer bent his right arm to handcuff him. (*Id*. at 17.) In response, he started wearing a brace and a sling for his right arm. (DE 33-2 ¶ 9.) On December 14, 2013, Plaintiff encountered an acquaintance at a gas station, and the two started fighting. (DE 32-1 at 19.) Although Plaintiff's arm remained in the sling throughout the fight, he managed to throw a punch with his left hand. (*Id*. at 20.) Officer Haigh then arrived at the scene, spoke to Plaintiff and the acquaintance, spoke to some of the gas station employees, reviewed the security footage, and determined that Plaintiff should be

1

placed under arrest. (DE 32-2 ¶¶ 6–9.) Officer Haigh observed that Plaintiff "was wearing a splint." (*Id*. at ¶ 11.)

At this point, the parties' stories greatly diverge. The evidence, when viewed in the light most favorable to Plaintiff, indicates that Plaintiff told Officer Haigh that his right arm was fractured, that his arm was frail due to a disability, and that handcuffing him behind his back would cause extreme pain. (DE 33-2 ¶¶ 11–16.) Disbelieving him, Officer Haigh ordered Plaintiff to put his hands behind his back and threatened to use a taser if he failed to do so. (*Id*. at ¶ 17.) Officer Haigh then removed Plaintiff's sling and brace. (*Id*. at ¶ 20.) He handcuffed Plaintiff, causing extreme pain. (*Id*. at ¶¶ 21–22.) Corporal Rucker, who arrived at the scene after Officer Haigh, observed the arrest but did not intervene. (*Id*. at ¶ 23.)

**B.     Standard of Review**

To succeed on summary judgment, Defendants must "show[] that there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). They can meet this burden by "identify[ing] those portions of the record that demonstrate the absence of a genuine issue of material fact." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). Because Plaintiff bears the burden of proof on the issues underlying the complaint, "he must then go beyond the pleadings and affirmatively demonstrate a genuine issue of material fact for trial" by "demonstrat[ing] that the record, taken as a whole, could permit a rational finder of fact to rule in favor of" Plaintiff. *Id*. As the non-moving party, Plaintiff is entitled to "the benefit of conflicts in the evidence and any reasonable inferences in [his] favor." *Perez v. Thorntons, Inc.*, 731 F.3d 699, 700 (7th Cir. 2013).

C.  **Analysis**

Defendants argue that no reasonable jury could find them liable on any of Plaintiff's claims. However, Defendants' position holds water only if this Court accepts their version of the events over Plaintiff's story. Thus, summary judgment must be denied.

**(1) Officer Haigh May Have Used Excessive Force**

Plaintiff alleges that Officer Haigh used excessive force by bending his visibly fractured arm behind his back to handcuff him. Such claims are "analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether an officer made an arrest in a reasonable manner depends on "the totality of the circumstances." *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985). Specifically, courts should be mindful of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397.

(a)  *An Officer Cannot Use Excessive Force in Handcuffing a Suspect*

The mere act of handcuffing a suspect can be unreasonable if done with excessive force. For instance, in *Herzog v. Winnetka*, 309 F.3d 1041, 1043 (7th Cir. 2002), the officer arrested the plaintiff for driving under the influence, even though she passed every sobriety test the officer gave her. The officer then applied the handcuffs too tightly, and nobody loosened them until an hour later. *Id*. The Seventh Circuit found this to be excessive force. *Id*. In another case, three

3

officers assembled around the plaintiff and then "grappled over [her] arm . . . not because she was resisting the arrest, but because the[y] were arguing over who would handcuff her." *Payne v. Pauley*, 337 F.3d 767, 774–75 (7th Cir. 2003). Eventually, one of the officers "grabbed [the plaintiff's] left arm, jerked it into handcuffing position, forced her arm behind her back, slammed the handcuff down on her wrist, jerked her wrist, and tightened the handcuffs until [she] could not feel her hands." *Id*. The Seventh Circuit found this force unreasonable in the face of a suspect that neither threatened anyone, resisted arrest, nor attempted to flee. *Id*. at 779.

A pre-existing injury on the suspect's part could render an otherwise reasonable use of force unreasonable. *See e.g. Walton v. Southfield*, 995 F.2d 1331, 1342 (6th Cir. 1993) ("An excessive use of force claim could be premised on Officer Birberick's handcuffing Walton if he knew that she had an injured arm and if he believed that she posed no threat to him."). Officers must "consider [pre-existing injuries] in determining whether it [is] appropriate to handcuff" a suspect, if they knew of the injury. *Stainback v. Dixon*, 569 F.3d 767, 773 (7th Cir. 2009). On the other hand, "a reasonable officer cannot be expected to accommodate an injury that is not apparent or that otherwise has not been made known to him." *Id*.

(b)  *Plaintiff's Story, If Believed, Establishes Excessive Force*

Here, the *Graham* factors weigh against summary judgment. According to Plaintiff's version of the events—which this Court must accept as true for summary judgment purposes—Plaintiff committed a relatively minor crime, posed no threat to anyone after Officer Haigh broke up the fight, and neither resisted arrest nor attempted to flee. Moreover, Plaintiff had a visibly obvious pre-existing injury. Lastly, he made both the injury and its consequences known to Officer Haigh. Given this situation, a reasonable jury could conclude that Officer Haigh used

4

excessive force in handcuffing Plaintiff instead of securing him in a manner that would accommodate his injury.

(c)     *Defendants Cannot Succeed by Merely Attacking Plaintiff's Evidence*

Defendants attack Plaintiff's argument on several grounds. First, they argue that Corporal Rucker handcuffed Plaintiff by daisy-chaining three sets of handcuffs together to accommodate Plaintiff's injury. (DE 32 at 3.) Defendants claim that Plaintiff's story is "contrary to Defendants' testimony that there were three sets strung together." (*Id.* at 7.) But this is precisely why Defendants' motion must be denied: "summary judgment cannot be used to resolve swearing contests between litigants." *Payne*, 337 F.3d at 770–71 (accepting non-movant's version of the events even though it included "some fairly outrageous accusations").

Second, Defendants assert that Plaintiff has failed to prove any injury apart from pain, which "gives weight to the assertion of no excessive force." (DE 32 at 8.) However, "[o]n summary judgment . . . a court may not weigh the evidence." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010). Furthermore, the cases Defendants cite in support of their assertion actually work against them, because in those cases, the court found that the plaintiffs' stories could establish liability. *See Meyer v. Robinson*, 992 F.2d 734, 739 (7th Cir. 1993) (finding genuine issues of material facts as to whether the officer used excessive force); *Lester v. City of Chicago,* 830 F.2d 706, 714 (7th Cir. 1987) (reversing for improper jury instruction but noting that a reasonable jury "could have concluded that" the officers used excessive force).

Third, Defendants claim that Plaintiff has failed to prove his case. In support, Defendants note that Plaintiff has neither an expert witness nor additional medical evidence beyond what

5

Defendants already possess. (DE 32 at 4.) Perhaps a jury will find this significant, but at the summary judgment stage, "the non-movant need not match the movant witness for witness." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994); *see also Payne*, 337 F.3d at 771 ("We have routinely found that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment motion.") (collecting cases). Simply put, Plaintiff testified that he suffered extreme pain. This is enough for now.

**(2)   Corporal Rucker May Have Violated a Duty to Intervene**

Plaintiff claims that Corporal Rucker should be liable to failing to stop Officer Haigh from handcuffing him. A bystander "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force . . . and (2) had a realistic opportunity to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). According to Plaintiff, Corporal Rucker "was present and watching what happened" when Officer Haigh handcuffed Plaintiff. (DE 33-2 ¶ 23.) In other words, Corporal Rucker watched as (1) Plaintiff explained his injury to Officer Haigh; (2) Plaintiff pleaded not to be put in handcuffs; (3) Plaintiff described the pain the handcuffs would cause; (4) Officer Haigh threatened to use a taser on Plaintiff; and (5) Officer Haigh knowingly handcuffed Plaintiff in a manner that caused extreme and unnecessary pain. A reasonable jury could conclude that this put Corporal Rucker on notice that excessive force will be used and gave him a realistic opportunity to prevent it.

**(3)   Officer Haigh and Corporal Rucker Are Not Entitled to Qualified Immunity**

Even if the defendant violated the plaintiff's constitutional rights, the defendant may still be entitled to summary judgment on the basis of qualified immunity if those rights were not

"clearly established." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate.").

Here, it was clearly established at the time of Plaintiff's arrest that officers cannot use excessive force in handcuffing suspects. *Payne*, 337 F.3d at 780 ("It was . . . well established that it was unlawful to use excessively tight handcuffs and violently yank the arms of arrestees who were not resisting arrest . . . did not pose a threat to the safety of . . . others, and were suspected of committing only minor crimes."). It was also clearly established that officers must take a suspect's known pre-existing injuries into account. *Stainback*, 569 F.3d at 773 ("Had the Officers known of a preexisting injury . . . that would have been aggravated by handcuffing Mr. Stainback . . . the Officers certainly would have been obligated to consider that information . . . in determining whether it was appropriate to handcuff Mr. Stainback."). Putting two and two together, Defendants were on notice that grabbing a non-resisting suspect by his fractured arm, bending it behind his back, and handcuffing him constitutes excessive force. Likewise, Defendants were on notice that watching this happen and doing nothing to stop it constitutes failure to intervene.

### (4)  Defendants May Be Liable for Indiana Battery

Plaintiff alleges that Officer Haigh and Corporal Rucker are liable for Indiana battery. (DE 2 ¶ 2.) Normally, the Indiana Tort Claims Act would grant state police officers immunity for actions performed "in the course of their employment." *O'Bannon v. City of Anderson*, 733 N.E.2d 1, 3 (Ind. Ct. App. 2000). However, this immunity does not apply to allegations of "using excessive force in the course of making arrests." *Kemezy v. Peters*, 622 N.E.2d 1296, 1297 (Ind.

1993). Thus, if Plaintiff can establish the elements of Indiana battery, then Plaintiff can recover. Here, the parties agree that either Officer Haigh or Corporal Rucker handcuffed Plaintiff, but they disagree on (1) which of the two actually handcuffed Plaintiff, and (2) the manner in which Plaintiff was handcuffed. (DE 32 at 7.)

As for Defendant City of Elkhart, Indiana law allows for liability against government employers for torts committed by its employees under a respondeat superior theory. *See Barnett v. Clark*, 889 N.E.2d 281 (Ind. 2008) (analyzing a respondeat superior claim against the Trustee of Pleasant Township, a government employer). Summary judgment is thus inappropriate.[1]

**D.     Conclusion**

A reasonable jury could accept Plaintiff's version of the events, and if it does, then Defendants could fairly be held liable. Accordingly, Defendants' motion for summary judgment is DENIED.

SO ORDERED on October 10, 2019.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[1] Defendants also argue that "Plaintiff's complaint of pain without more is insufficient to support a battery claim under Indiana state law." (DE 35 at 6.) Defendants do not cite to any authority, and this Court is unaware of any Indiana court holding that a contact causing extreme pain is neither harmful nor offensive.